1 | Robert F. Brennan, Esq. [S.B. #132449]
Robert A. Wiener, Esq. [S.B. #132847]
2 | **BRENNAN, WIENER & ASSOCIATES**
3150 Montrose Ave.
3 | La Crescenta, Ca. 91214

4 | [818] 249-5291
FAX [818] 249-4329
5 | Email: rbrennan@brennanlaw.com

6 | Attorney for: Gregory S. Brown

FILED

2009 JUL 29 AM 11:34
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES
BY

7

8

9 | ### UNITED STATES DISTRICT COURT

10 | ### CENTRAL DISTRICT OF CALIFORNIA

11

12 | GREGORY S. BROWN, an Individual;    **CV 09-05545 RSWL** (RZx)
Case No.:

13 | Plaintiff,

14 | vs.    **COMPLAINT FOR DAMAGES:**

15 | EXPERIAN INFORMATION    1. FAIR CREDIT REPORTING ACT.
SOLUTIONS, INC. is a business entity,    2. ROSENTHAL FAIR DEBT
16 | form unknown; EQUIFAX , INC., a    COLLECTION PRACTICES ACT;
business entity, form unknown;    3. CALIFORNIA CONSUMER
17 | TRANSUNION CORP., is a business    CREDIT REPORTING AGENCIES
entity, form unknown.; AMERICAN    ACT.
18 | EXPRESS COMPANY, is a business
entity, form unknown; PROVIDIAN
19 | BANKCORP SERVICES, a business
entity, form unknown and DOES 1-10,    **JURY TRIAL DEMANDED.**
20 | Inclusive,

21 | Defendants.

22

23

24 | Plaintiff alleges:

25 | 1. Plaintiff GREGORY S. BROWN ("Plaintiff") is a resident of County of

26 | Los Angeles, State of California.

27 | 2. Defendants EXPERIAN INFORMATION SOLUTIONS INC.

28 | ("EXPERIAN"), EQUIFAX , INC. ("EQUIFAX") and TRANSUNION CORP,

---

1    ("TRANSUNION") are business entities, form unknown, doing business in the
2    State of California as credit bureaus which receive negative credit information
3    about consumers and which then publish such information in credit reports
4    available to its subscribers.  AMERICAN EXPRESS COMPANY("AMERICAN
5    EXPRESS") and PROVIDIAN BANKCORP SERVICES ("PROVIDIAN") are
6    financial institutions which, among other activities, act as collection agencies
7    which report allegedly delinquent debts to credit bureaus and are "furnishers"
8    under the Fair Credit Reporting Act.

9        3. Defendants DOES 1-20 are individuals and business entities, form
10   unknown, doing business in the State of California as credit reporting agencies,
11   debt collection agencies, creditors or other persons or entities which engage in
12   credit reporting and/or debt collection.  DOES 1-20, Inclusive, includes
13   individuals or business entities doing business in the State of California as credit
14   reporting agencies, debt collectors and/or creditors who have refused to delete
15   accounts of Plaintiff that were procured through identity theft, mixed file or other
16   manner of recording an inaccurate credit account, even after plaintiff has notified
17   them of the false or inaccurate derogatory, and also who have reported such
18   accounts as derogatory credit references to credit reporting agencies.

19       4. Plaintiff does not know the true names and capacities, whether corporate,
20   partnership, associate, individual or otherwise of Defendants sued herein as Does
21   1 through 20, inclusive, under the provisions of Section 474 of the California
22   Code of Civil Procedure.  Plaintiff is informed and believes and on that basis
23   alleges that Defendants Does 1 through 20, inclusive, are in some manner
24   responsible for the acts, occurrences and transactions as officers, directors or
25   managing agents of Defendants or as its agents, servants, employees and/or joint
26   venturers and as set forth in this complaint, and that each of them are legally liable
27   to Plaintiff, as set forth below and herein:

28

1   a) Said Officers, directors or managing agents of Defendants personally
2   acted willfully with respect to the matters alleged in this complaint;

3   b) Said officers, directors or managing agents of Defendants personally
4   authorized, approved of, adopted and/or ratified the acts alleged herein or the
5   agents, servants, employees and/or joint venturers of Defendants did so act;

6   c) Said officers, directors or managing agents of Defendants personally
7   participated in the acts alleged herein of Defendants;

8   d) Said Officers, directors or managing agents of Defendants personally had
9   close supervision of their agents, servants, employees and/or joint venturers of
10  Defendants;

11  e) Said Officers, directors or managing agents of Defendants personally
12  were familiar with the facts regarding the matters alleged herein;

13  f) Said Officers, directors or managing agents of Defendants personally
14  failed to investigate the circumstances appertaining to the acts alleged herein.
15  They also failed and refused to repudiate the herein alleged actions and failed to
16  redress the harm done to Plaintiffs. Further, said Officers, directors, or managing
17  agents of Defendants failed and refused to punish or discharge the said agents,
18  servants, employees and/or joint venturers of Defendants, even after learning of
19  the acts of the agents, servants, employees and/or joint venturers of Defendants.
20  Plaintiffs will seek leave to amend this complaint to set forth the true names and
21  capacities of said fictitiously named Defendants as enumerated above, together
22  with appropriate charging allegations, when learned.

23  5. Plaintiff is informed and believes, and thereon alleges that at all relevant
24  times herein each Defendant, whether actually or fictitiously named, was the
25  principal, joint venturer, agent, servant or employee of each other Defendant, and
26  in acting as such within the course, scope and authority of such relationship, took
27  some part in the acts and omissions hereinafter set forth, by reason of which each

28

---

1 | Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any
2 | future amended complaint. Further, Plaintiff alleges that each act alleged herein,
3 | whether by a named Defendants or fictitiously named Defendants or otherwise,
4 | was expressly authorized or ratified, as these terms are used in California Civil
5 | Code Section 3294(b), by each and every other Defendant herein, whether named
6 | or fictitiously named.

7

8 | **FIRST CAUSE OF ACTION**

9 | **[VIOLATION OF THE FAIR CREDIT REPORTING ACT**
10 | **AGAINST AMERICAN EXPRESS and DOES 11-20 AND EQUIFAX and**
11 | **DOES 1-10, INCLUSIVE]**

12 |     6. Plaintiff re-alleges and incorporates all preceding paragraphs as though
13 | set forth in full in this cause of action.

14 |     7. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c)
15 | of the Fair Credit Reporting Act. All defendants are "furnishers" as defined by 15
16 | U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, EQUIFAX and each of
17 | the credit bureau defendants who are "consumer reporting agencies" as that term is
18 | defined in 15 U.S.C. Section 1681a (f).

19 |     8. In May of 1994 Plaintiff paid in full the entire outstanding balance of
20 | (then) $51.00, which was the annual membership fee on his AMERICAN
21 | EXPRESS Optima card account #3737-599712-71002. Plaintiff had not used the
22 | card in the year and a half and had asked AMERICAN EXPRESS to close the
23 | Optima account.

24 |     9. On or about January 10, 2007, Plaintiff received a collection notice from
25 | Nationwide Credit Inc. attempting to collect $2,167.77 for AMERICAN
26 | EXPRESS account #3731-3863586-31004.

27 |     10. On or about January 10, 2007, Plaintiff immediately sent a dispute letter

28

1   demanding verification of the purported debt regarding AMERICAN EXPRESS
2   account #3731-3863586-31004 for $2,167.77. Plaintiff explained that this
3   account had been paid and closed 13 years ago.

4       11. On or about April 14, 2007, Plaintiff received correspondence from
5   AMERICAN EXPRESS regarding account #3728-296884-45008 offering Plaintiff
6   a new Optima Credit card account, in exchange for paying $2,627.14.

7       12. On or about April 27, 2007, Plaintiff sent a dispute letter to
8   AMERICAN EXPRESS regarding account #3728-296884-45008, demanding
9   verification of the debt in the amount of $2,627.14.

10      13. On or about May 3, 2007, Plaintiff received a letter from First Bankcard
11  denying his request for a credit card. The decision to deny was based on a low
12  point value score, and was influenced by the negative credit reporting of the
13  defendants named in this cause of action.

14      14. On or about June 5, 2007, Plaintiff received a response from Amex
15  regarding account #3728-296884-45008. This letter falsely stated "you recently
16  advised us that a portion of the balance is in dispute...." Plaintiff's letter clearly
17  stated the entire balance was in dispute. This letter also stated they were still
18  conducting an investigation.

19      15. On or about June 23, 2007, Plaintiff received a response from
20  AMERICAN EXPRESS regarding account 37XX-XXXXXX-45008. This letter
21  admitted: a) the account was opened in July 1988; b) the account was closed in
22  1994 and that they had no way of providing verification of any debt owed to them;
23  and c) that they were no longer reporting negative information on the account to
24  the credit reporting agencies. This letter ended by stating "this office will no
25  longer acknowledge or respond to any further contacts regarding this matter".

26      16. On or about July 13, 2007, Plaintiff received a letter from ALW
27  SOURCING LLC (wholly owned by NCO Financial Systems, Inc.) stating it had

28

1  purchased from AMERICAN EXPRESS an Optima account number 3737-
2  599712-71002 with a balance of $355.17.

3         17. On or about July 23, 2007, Plaintiff received correspondence from
4  AMERICAN EXPRESS in response to his June 4, 2007 dispute regarding 37XX-
5  XXXXXX-45008. This letter stated "Our records reflect the account opened in
6  July 1988. Due to the time which has elapsed since the account was opened we are
7  unable to provide a copy of the original application. AMERICAN EXPRESS is
8  only required to retain applications for 25 months. The account cancelled
9  collections in February 1994. Since the account has been closed more the 7 years
10 ago we are unable to provide you with statements of the account. AMERICAN
11 EXPRESS is no longer reporting any negative information to the credit reporting
12 agencies".

13        18. On or about December 17, 2007, AMERICAN EXPRESS sent Plaintiff
14 correspondence regarding account #3728-296884-5008. This letter offered
15 Plaintiff the ability to regain card membership. Plaintiff had been selected for a
16 special offer to receive an Optima Card application if he paid the past-due
17 American Express account balance of $2,627.14 in full.

18        19. On or about February 2, 2008, AMERICAN EXPRESS sent Plaintiff a
19 settlement offer regarding account #3728-29688445-008. This letter suggested
20 that Plaintiff could settle his delinquent balance if he paid $1,812.73, which
21 represented a savings of $814.41. The offer expired on March 3, 2008.

22        20. On or about March 3, 2008, Plaintiff received correspondence from
23 AMERICAN EXPRESS dated December 17, 2007. This letter offered Plaintiff the
24 ability to regain card membership. Plaintiff had been selected for a special offer to
25 receive an Optima Card application if he paid the past-due American Express
26 account balance of $2,627.14 in full.

27        21. On or about March 03, 2008, Plaintiff sent AMERICAN EXPRESS a
28

1    dispute letter regarding account #3728-296884-45008, and requesting that they
2    validate the of debt of $2,627.14.

3        22. On or about March 7, 2008, Plaintiff received correspondence from
4    AMERICAN EXPRESS regarding account #3728-296884-45008 offering Plaintiff
5    the opportunity to resolve the delinquent balance by paying only $1,812.73, a
6    savings of $814.41.

7        23. On or about March 7, 2008, Plaintiff sent AMERICAN EXPRESS
8    certified, return receipt correspondence disputing the $2,627.14 debt and also
9    requested validation of the debt they kept demanding he pay.

10        24. On or about March 18, 2008, AMERICAN EXPRESS sent Plaintiff
11   correspondence offering Plaintiff the opportunity to resolve his delinquent balance
12   by paying only $1,576.28, which represented 60% of his outstanding balance and
13   a savings of $1,050.86. The offer expired April 17, 2008.

14        25. On or about April 24, 2008, AMERICAN EXPRESS sent Plaintiff
15   correspondence regarding account XXXX-XXXXXX-45008. This letter stated
16   "due to the time which has elapsed since any activity has occurred on this account,
17   we are unable to provide support for the balance due. Our records reflect the
18   account was opened in 1988 and closed in 1994. AMERICAN EXPRESS is no
19   longer reporting any negative information to the credit reporting agencies".

20        26. On or about July 12, 2008, AMERICAN EXPRESS sent Plaintiff
21   correspondence regarding account #3731-3863586-31004. This was a limited
22   time offer for Plaintiff to regain card membership. This letter stated that Plaintiff
23   had been selected for a special offer to receive an Optima Card application if he
24   paid the past-due American Express account balances of $2,167.77 in full.

25        27. On ore about August 24, 2008, AMERICAN EXPRESS sent Plaintiff a
26   settlement offer re account #3713-86358641-004. This letter offered Plaintiff the
27   opportunity to resolve his delinquent balance due of $2,167.77 by paying only

28

1    $1,495.76, which represented 69% of his outstanding balance and a savings of
2    $672.01. The offer expired on September 23, 2008.

3        28. On or about August 29, 2008, Plaintiff sent certified, return receipt
4    requested correspondence regarding new account # 3713-863586-31004 disputing
5    the balance due of $2,167.77. Plaintiff also demanded validation of debt.

6        29. Plaintiff also complained that AMERICAN EXPRESS was harassing
7    him with pre-recorded computerized collection calls regarding reference number
8    90470211 on: 1) Thursday, July 10, 2008, at 1:37 p.m.; 2) Friday, July 18, 2008, at
9    3:17 p.m.; and 3) on Wednesday, July 29, 2008, at 2:29 p.m.

10       30. As a CreditKeeper member Plaintiff received a Daily Monitoring Alert
11   on October 21, 2008. This report informed Plaintiff that a derogatory item was
12   added to Plaintiff's credit report by AMERICAN EXPRESS. The derogatory was
13   under the payment status category showing "credit card over limit".

14       31. On or about October 21, 2008, Plaintiff was notified by his real estate
15   broker that his Fico Score had dropped 29 points. Plaintiff obtained a tri-merge
16   credit report where he discovered that Experian and Equifax reported: American
17   Express account #-3499-9068-9573-XXXX. Credit Card-Revolving Terms.
18   Balance $351.00. High Balance $351.00. Credit Limit $100.00. Current. Paid as
19   Agreed. Account Closed by Credit Grantor. Under the potentially negative
20   category it stated that Plaintiff was over the credit limit on his AMERICAN
21   EXPRESS account (Plaintiff's credit limit was $3,000). The alert date for this
22   trade line was October 11, 2008.

23       32. On or about November 3, 2008, Plaintiff sent certified, return receipt
24   requested correspondence to AMERICAN EXPRESS disputing the newly added
25   account #-3499-9068-9573-XXXX AMERICAN EXPRESS trade-line he had
26   discovered on his credit report, which had lowered his score by 29 points. Plaintiff
27   explained that he did not own an AMERICAN EXPRESS with the account #3499-

28

1  9068-9573-XXXX with a $100 credit limit.

2      33. On or about November 3, 2008, Plaintiff sent certified, return receipt
3  requested correspondence to EXPERIAN and EQUIFAX regarding the newly
4  added account #-3499-9068-9573-XXXX AMERICAN EXPRESS trade-line he
5  had discovered on his credit report, which had lowered his score by 29 points.
6  Plaintiff disputed the debt and asked that Experian and Equifax investigate the
7  negative trade line and remove it from his credit report. Plaintiff attached to his
8  correspondence a copy of his current California Drivers License and photocopies
9  of correspondence dated August 29, 2008 to American Express (including
10  attachments).

11      34. On November 3, 2008, EQUIFAX sent Plaintiff the results of his request
12  to re-investigate the AMERICAN EXPRESS accounts.  The report stated that
13  account numbers 3713-863586-31004 and 3728-296884-45008 were no longer
14  reporting on his credit file.  EQUIFAX also investigated account #-3499-9068-
15  9573-XXXX and verified that the item belonged to Plaintiff and that it would
16  remain. Further, false information reported: Date of Last Payment: 5/1999; Date of
17  Last Activity 10/2008; Amount Past Due $0; Actual Payment Amount $0; Charge
18  of Amount $0.

19      35. On or about November 19, 2008, Plaintiff sent certified, return receipt
20  requested correspondence to AMERICAN EXPRESS at the El Paso address as
21  shown on the Equifax report verifying account #3499-9068-9573-XXXX. In his
22  letter Plaintiff demanded verification and validation that account #3499-9068-
23  9573-XXXX belonged to him.  He demanded verification and validation that
24  account ##3499-9068-9573-XXXX had a credit limit of $100 and a high balance
25  of $351.00 (at any time).

26      36. On November 26, 2008, Plaintiff received a response from AMERICAN
27  EXPRESS stating: "Account Identifier Number account #3499-9068-9573-6263 is

28

1    the number American Express utilizes when furnishing information to credit
2    reporting agencies about the following AMERICAN EXPRESS account, which
3    we show only the last 5 digits below: XXXX-XXXXXX-71002". The letter went
4    on to say "we are pleased to advise you that we have requested the credit reporting
5    agencies listed below to delete all information pertaining to the account identifier
6    number from your credit report. Please use this letter as verification until your file
7    is updated."

8    37. On the 21st of each month, Plaintiff can order a new up-to-date tri-merge
9    credit report from CreditKeeper. Plaintiff received this report on March 24, 2009,
10   120 days since AMERICAN EXPRESS stated it would request the credit reporting
11   agencies delete all information pertaining to the account identifier number from
12   Plaintiff's credit report. EQUIFAX was still showing account verifier
13   #349990689573, which, upon information and belief, is code for AMERICAN
14   EXPRESS card #xxxx-xxxxxx-71002" with a balance of $351.00.

15   38. Plaintiff's first loan was locked in at 5.25 percent. Plaintiff had to pay
16   one point (or $1,251.75) to obtain that rate. Absent the misconduct committed by
17   AMERICAN EXPRESS, Plaintiff's rate would have been 4.75 percent, without
18   costing one point. Over 30 years, Plaintiff will pay additional interest of
19   $13,770.00: $123,664.20 instead of $109,894.20, because of the higher interest
20   rate.

21   39. Plaintiff has sent many demands for investigation but Defendant
22   AMERICAN EXPRESS and DOES 11-20 have refused, despite Plaintiff's many
23   letters to acknowledge that he does not owe them any money and to cease
24   collection activity since January 2007. Despite several telephone calls and letters
25   AMERICAN EXPRESS and DOES 11-20 have issued false derogatory credit
26   reporting, indicating that Plaintiff is delinquent on his account. Plaintiff also sent
27   letters to Transunion and Experian and EQUIFAX. Only Transunion and
28

1   Experian complied with Plaintiff's request to cease the derogatory credit reporting.
2   On information and belief, one or more of the credit bureaus sent dispute notices
3   to AMERICAN EXPRESS and DOES 11-20, thereby activating AMERICAN
4   EXPRESS'S obligations to Plaintiff under the Fair Credit Reporting Act.
5          40.  Plaintiff complied with all requests of each of the Defendants to
6   provide information in order to have the erroneous marks removed from his credit
7   reports.  Despite the insistence of Plaintiff, the Defendants, and each of them,
8   failed to correct the errors and failed to undertake sufficient investigations upon
9   being notified of the errors.
10         41.  Within the past several years, Defendants, and each of them, willfully
11  violated the provisions of the Fair Credit Reporting Act in *at least* the following
12  respects:
13         a. By willfully and negligently failing, in the preparation of the consumer
14  report concerning Plaintiff, to follow reasonable procedures to assure maximum
15  possible accuracy of the information in the report;
16         b. By willfully and negligently failing to correct, after receiving ample
17  notice, information about the Plaintiff which defendants knew, or should have
18  known, was incomplete and/or inaccurate;
19         c.  By willfully and negligently failing to correct and/or delete the
20  incomplete and inaccurate information in Plaintiff's file after conducting an
21  investigation;
22         d. By willfully and negligently failing to conduct an adequate investigation
23  of Plaintiff's complaints, and by willfully and negligently failing to implement
24  corrective actions once the outcome of such investigations were known, or should
25  have been known, to the defendants;
26         e. By willfully and negligently failing to provide subsequent users of the
27  report with the Plaintiff's statement of dispute or a summary thereof;
28

1    f. By willfully and negligently changing account numbers and account
2    number designations so as to make reinvestigation and deletion more difficult for
3    the consumer, but in turn more lucrative for bureaus and furnishers because
4    derogatory account information will remain on credit reports longer;

5    g. By willfully and negligently failing to provide notice to Plaintiff of the
6    furnishing of negative credit information to credit reporting agencies, and,

7    h. By willfully and negligently failing to provide such information to the
8    credit bureaus indicating the full nature, reasons and extent of Plaintiff's dispute,
9    and thus causing the credit report to the credit bureaus to be inaccurate and
10   incomplete.

11   42. As a proximate result of the actions of the Defendants, and each of
12   them, Plaintiff has been damaged in an amount which will be proven at time of
13   trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain
14   and suffering, punitive damages, penalties, costs and attorney fees.

15   43. Plaintiff alleges that defendants, and each of them, have willfully
16   violated FCRA with respect to Plaintiff and towards others similarly situated.
17   Specifically, defendants deliberately have inefficient procedures for correcting
18   their credit files, because they know that a certain number of consumers will either
19   be intimidated or too frustrated to continuously fight back against the constant
20   onslaught of collection activities for invalid debts. Defendants, and each of them,
21   know that a certain number of consumers would rather pay than fight, even if the
22   debt is not actually owed. These defendants know that their systems intimidate
23   consumers so they'll pay debts even if not valid or not completely valid. These
24   facts were not disclosed to the Plaintiff and are not disclosed to the borrowing
25   public at large.

26   ///

27

28

1

2      ## SECOND CAUSE OF ACTION

3      ### VIOLATION OF THE FAIR CREDIT REPORTING ACT

4      ### AGAINST EQUIFAX and DOES 1-10]

5      44. Plaintiff re-alleges and incorporates all preceding paragraphs as though

6   set forth in full in this cause of action.

7      45. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec.

8   1681a(c) of the Fair Credit Reporting Act. EQUIFAX is a "consumer reporting

9   agency" as that term is defined in 15 U.S.C. Section 1681a (f).

10      46. In 2005, Plaintiff discovered that the California Franchise Tax Board

11   had erroneously placed a tax lien on his credit profile. Plaintiff disputed the tax

12   lien and in order to quickly resolve the matter, Plaintiff filed an offer-in-

13   compromise (OIC). The Franchise Tax Board (FTB) rejected the OIC on the

14   ground the disputed sum did not belong to Plaintiff. The FTB representative was

15   uncertain whether a lien had been recorded, and provided Plaintiff with

16   documents, as a precaution, so a potential lien could be effortlessly deleted from

17   credit profiles. The document is titled 'RELEASE OF LIEN." Yet this was not a

18   case where a justified lien was released after satisfaction by payment. Rather, in

19   Plaintiff's case, the RELEASE was issued since no lien should have been properly

20   recorded.

21      47. On or about June 5, 2007, EQUIFAX sent Plaintiff an updated copy of

22   his consumer credit report. This report did not address Plaintiff's dispute, rather it

23   stated that they would add a "consumer statement stating that the lien had been

24   released" allowing credit grantors to view his statement regarding the FTB lien.

25   The lien would still remain on his credit for the seven year period.

26      48. On or about June 9, 2007, Plaintiff sent certified, return receipt

27   requested correspondence to Equifax disputing the Public Record Information in

28

his consumer credit report. Plaintiff explained that the FTB acknowledged that no lien should have ever been filed against him and provided him with a "RELEASE OF LIEN." Plaintiff requested that the tax lien information be deleted from his credit profile.

49. On or about July 16, 2007, Plaintiff received from EQUIFAX an updated copy of his consumer credit report. This report did not address Plaintiff's dispute, rather it stated that "paid liens remain on file for 7 years from the date released."

50. On or about May 13, 2008, Plaintiff sent certified, return receipt requested correspondence to EQUIFAX disputing the FTB tax lien derogatory. This letter explained that the FTB had determined that the tax lien had been filed in error and had provided him with documentation for the express purpose of having the tax lien trade-line(s) deleted from his credit report. Plaintiff provided a copy of the RELEASE OF LIEN with this letter.

51. On several occasions Plaintiff sent correspondence contacting EQUIFAX requesting that they reinvestigate his account, cease any negative credit reporting and remove the lien derogatory.

52. Plaintiff has repeatedly provided proof that he did NOT own the FTB lien to no avail.

53. Defendant EQUIFAX has refused, despite Plaintiff's letters, to acknowledge that he was not responsible for the FTB lien and EQUIFAX has continued to damage Plaintiff's credit and has issued false derogatory credit reporting.

54. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from his credit reports. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon

1 | being notified of the errors.

2 |     55. Within the past several years, Defendants, and each of them, willfully
3 | violated the provisions of the Fair Credit Reporting Act in *at least* the following
4 | respects:

5 |     a. By willfully and negligently failing, in the preparation of the consumer
6 | report concerning Plaintiff, to follow reasonable procedures to assure maximum
7 | possible accuracy of the information in the report;

8 |     b. By willfully and negligently failing to correct, after receiving ample
9 | notice, information about the Plaintiff which defendants knew, or should have
10 | known, was incomplete and/or inaccurate;

11 |     c. By willfully and negligently failing to correct and/or delete the
12 | incomplete and inaccurate information in Plaintiff's file after conducting an
13 | investigation;

14 |     d. By willfully and negligently failing to conduct an adequate investigation
15 | of Plaintiff's complaints, and by willfully and negligently failing to implement
16 | corrective actions once the outcome of such investigations were known, or should
17 | have been known, to the defendants;

18 |     e. By willfully and negligently failing to provide subsequent users of the
19 | report with the Plaintiff's statement of dispute or a summary thereof;

20 |     f. By willfully and negligently changing account numbers and account
21 | number designations so as to make reinvestigation and deletion more difficult for
22 | the consumer, but in turn more lucrative for bureaus and furnishers because
23 | derogatory account information will remain on credit reports longer;

24 |     g. By willfully and negligently failing to provide notice to Plaintiff of the
25 | furnishing of negative credit information to credit reporting agencies, and,

26 |     h. By willfully and negligently failing to provide such information to the
27 | credit bureaus indicating the full nature, reasons and extent of Plaintiff's dispute,

28 |

1  and thus causing the credit report to the credit bureaus to be inaccurate and
2  incomplete.

3      56. As a proximate result of the actions of the Defendants, and each of
4  them, Plaintiff has been damaged in an amount which will be proven at time of
5  trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain
6  and suffering, punitive damages, penalties, costs and attorney fees.

7      57. Plaintiff alleges that defendants, and each of them, have willfully
8  violated FCRA with respect to Plaintiff and towards others similarly situated.
9  Specifically, defendants deliberately have inefficient procedures for correcting
10 their credit files, because they know that a certain number of consumers will either
11 be intimidated or too frustrated to continuously fight back against the constant
12 onslaught of collection activities for invalid debts. Defendants, and each of them,
13 know that a certain number of consumers would rather pay than fight, even if the
14 debt is not actually owed. These defendants know that their systems intimidate
15 consumers so they'll pay debts even if not valid or not completely valid. These
16 facts were not disclosed to the Plaintiff and are not disclosed to the borrowing
17 public at large.

18

19                    **THIRD CAUSE OF ACTION**
20          **[VIOLATION OF THE FAIR CREDIT REPORTING ACT**
21      **AGAINST PROVIDIAN, TRANSUNION, EQUIFAX AND DOES 1-20,**
22                          **INCLUSIVE]**

23      58. Plaintiff re-alleges and incorporates all preceding paragraphs as though
24 set forth in full in this cause of action.

25      59. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec.
26 1681a(c) of the Fair Credit Reporting Act. All defendants are "furnishers" as
27 defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except,

28

─────────────────────────────────────────────

1    TRANSUNION, EQUIFAX and each of the credit bureau defendants who are
2    "consumer reporting agencies" as that term is defined in 15 U.S.C. Section 1681a
3    (f).

4        60. In 1996 PROVIDIAN issued Plaintiff with a VISA credit card account.
5    The account was secured with funds deposited in a blocked savings account,
6    maintained at PROVIDIAN, for potential use as collateral for unpaid outstanding
7    charges (if any) made with authorization of non-defective goods, services or cash
8    advances. Plaintiff handled the VISA account responsibly. PROVIDIAN increased
9    the credit limit from $500 to $6,500. Additionally, in 2002, PROVIDIAN issued
10   Plaintiff an unsecured MasterCard with a credit limit of $2,750. Both accounts
11   were paid-in-full. It is undisputed that the date of last activity occurred in May of
12   2002.

13       61. Months after the last activity date PROVIDIAN still showed a positive
14   balance ($579.79 on 8.26.02) in Plaintiff's savings account. The number for the
15   savings account was identical to the number indentifying the VISA account (4328-
16   0712-0046-6546).

17       62. For years Plaintiff has requested that PROVIDIAN return his savings
18   account funds or, alternatively, provide an accounting. PROVIDIAN has none
19   neither.

20       63. Plaintiff has proof and has provided proof that, despite NO activity since
21   May 2002, on either account (VISA or MasterCard), said accounts nevertheless
22   ballooned to $13,000 (VISA) and $4,000 and (MasterCard) in allegedly unpaid
23   balances. Plaintiff has written many demands for validation and verification, yet
24   he received nothing. PROVIDIAN sold the MasterCard account to a Canadian-
25   based collector called First Resolution Investment Corp. (FRIC). PROVIDIAN
26   sold the VISA account to a San Diego-based collector called Credit Solutions
27   Corp. (CSC).

28

1    64. On January 26, 2007, EQUIFAX sent Plaintiff an updated consumer
2  credit report with the results of their recent investigation re PROVIDIAN VISA
3  (account number 4328-0712-0046-6546). The investigation results were that
4  PROVIDIAN account # 4328-0712-0046-6546 had been verified and would
5  remain on Plaintiff's consumer credit report unchanged.

6    65. On April 12, 2007, EQUIFAX sent Plaintiff an updated consumer credit
7  report still showing the trade-line PROVIDIAN account number 4328-0712-0046-
8  6546 as a charge-off account.

9    66. On April 27, 2007, Plaintiff sent certified, return receipt requested
10  correspondence to TRANSUNION providing his full name, social security
11  number, date of birth and a copy of his current driver's license as proof of his
12  identity. Plaintiff disputed: 1) a civil judgment that was vacated on February 2007
13  (along with copies of the court order and dismissal with prejudice and court
14  docket; 2) a collection on account #157333XXXX for $5,618. During the
15  proceedings in the litigation cited above, the collection agency/debt purchaser
16  learned that the purported debt did not belong to Plaintiff.  This is the reason the
17  litigation was dismissed; and 3) a collection agency/debt purchaser "1st Resolution
18  discovered during the afore-mentioned litigation that Plaintiff did not own the
19  purported debt of $3,647. PROVIDIAN never conducted a proper investigation.
20  Plaintiff did not own these debts and requested they be deleted from his credit
21  report.

22    67. On May 3, 2007, TRANSUNION sent Plaintiff correspondence in
23  response to his letter dated April 27, 2007. This documentation stated
24  TRANSUNION was unable to accept the documentation (proof of identity)
25  Plaintiff had sent.  However TRANSUNION would contact the source of the
26  disputed information to advise them of Plaintiff's dispute.  They would ask the
27  source to verify the accuracy of the reported information.

28

1   68. On June 5, 2007, TRANSUNION sent Plaintiff a response to his May 3,
2   2007 letter regarding PROVIDIAN collection accounts, stating that the First
3   Resolution collection was deleted and the Civil Judgment no longer appeared on
4   his credit profile. However, the PROVIDIAN account #4328-0712004-66546 still
5   appeared as "CHARGED OFF AS BAD DEBT" and under Remarks:
6   PURCHASED BY ANOTHER LENDER – ESTIMATED TO BE REMOVED
7   4/2009 .

8   69. On July 9, Plaintiff sent certified, return receipt requested
9   correspondence to TRANSUNION providing his full name, social security
10   number, date of birth and a copy of his current driver's license as proof of his
11   identity. This letter disputed the PROVIDIAN "Charged-off account as bad debt
12   and purchased by another lender". Plaintiff also attached copies of his May 8,
13   2007 letter.

14   70. On July 26, 2007, TRANSUNION sent Plaintiff the results of the
15   completed investigation Plaintiff had requested. The investigation results were that
16   PROVIDIAN account # 4328071200466546 had been verified and would remain
17   on Plaintiff's consumer credit profile unchanged.

18   71. On December 29, 2007, Plaintiff sent certified, return receipt requested
19   correspondence to TRANSUNION disputing a line item regarding the
20   PROVIDIAN VISA (account number 43238-0712-0046-6546) issued to Plaintiff
21   in December 1996, which was being reported as a "Charged Off As A Bad Debt".
22   In truth, Plaintiff had paid-it-in-full in May 2002. Plaintiff was never late in
23   making his monthly payments.

24   72. On January 5, 2008, TRANSUNION sent Plaintiff an updated consumer
25   credit report stating the results of their investigation. The result was that
26   PROVIDIAN account # 4328-07120046-6546 had been verified and would remain
27   on Plaintiff consumer credit profile unchanged.

28

73. On May 14, 2008, Plaintiff sent certified, return receipt requested correspondence to TRANSUNION stating he had previously provided TRANSUNION undisputed evidence clearly showing Plaintiff had no legitimate outstanding debt that was unpaid by Plaintiff as a result of authorized charges to a PROVIDIAN VISA credit card account. Given many opportunities extending over several years, PROVIDIAN has never been able to verify any unpaid charges were owed by Plaintiff. Thus, a report by TRANSUNION that it was able to obtain a proper verification from PROVIDIAN was suspicious.

74. On several occasions Plaintiff sent certified, return receipt requested correspondence contacting PROVIDIAN asking that they reinvestigate his account, cease any negative credit reporting and remove his account form collection activity. Plaintiff also sent letters to TRANSUNION, EXPERIAN and EQUIFAX. On information and belief, one or more of the credit bureaus sent dispute notices to PROVIDIAN, thereby activating PROVIDIAN'S obligations to Plaintiff under the Fair Credit Reporting Act. On information and belief, one or more of the credit bureaus also contacted PROVIDIAN pursuant to the Fair Credit Reporting Act in connection with plaintiff's dispute, and PROVIDIAN verified the disputed credit information or otherwise acted in such a way as to cause TRANSUNION and EQUIFAX to continue to report the debt as a derogatory credit mark.

75. Plaintiff has repeatedly provided proof that he did not own the debt PROVIDIAN is demanding to no avail.

76. Defendants PROVIDIAN, TRANSUNION and EQUIFAX have refused, despite Plaintiff's letters, to acknowledge that he was not responsible for the PROVIDIAN bill. PROVIDIAN, TRANSUNION and EQUIFAX have continued to damage Plaintiff's credit and have issued false derogatory credit reporting.

77. Plaintiff complied with all requests of each of the Defendants to

1    provide information in order to have the erroneous marks removed from his credit
2    reports. Despite the insistence of Plaintiff, the Defendants, and each of them,
3    failed to correct the errors and failed to undertake sufficient investigations upon
4    being notified of the errors.

5         78. Within the past several years, Defendants, and each of them, willfully
6    violated the provisions of the Fair Credit Reporting Act in *at least* the following
7    respects:

8         a. By willfully and negligently failing, in the preparation of the consumer
9    report concerning Plaintiff, to follow reasonable procedures to assure maximum
10   possible accuracy of the information in the report;

11        b. By willfully and negligently failing to correct, after receiving ample
12   notice, information about the Plaintiff which defendants knew, or should have
13   known, was incomplete and/or inaccurate;

14        c. By willfully and negligently failing to correct and/or delete the
15   incomplete and inaccurate information in Plaintiff's file after conducting an
16   investigation;

17        d. By willfully and negligently failing to conduct an adequate investigation
18   of Plaintiff's complaints, and by willfully and negligently failing to implement
19   corrective actions once the outcome of such investigations were known, or should
20   have been known, to the defendants;

21        e. By willfully and negligently failing to provide subsequent users of the
22   report with the Plaintiff's statement of dispute or a summary thereof;

23        f. By willfully and negligently changing account numbers and account
24   number designations so as to make reinvestigation and deletion more difficult for
25   the consumer, but in turn more lucrative for bureaus and furnishers because
26   derogatory account information will remain on credit reports longer;

27        g. By willfully and negligently failing to provide notice to Plaintiff of the

28

1  furnishing of negative credit information to credit reporting agencies, and,

2      h. By willfully and negligently failing to provide such information to the

3  credit bureaus indicating the full nature, reasons and extent of Plaintiff's dispute,

4  and thus causing the credit report to the credit bureaus to be inaccurate and

5  incomplete.

6      79. As a proximate result of the actions of the Defendants, and each of

7  them, Plaintiff has been damaged in an amount which will be proven at time of

8  trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain

9  and suffering, punitive damages, penalties, costs and attorney fees.

10      80. Plaintiff alleges that defendants, and each of them, have willfully

11  violated FCRA with respect to Plaintiff and towards others similarly situated.

12  Specifically, defendants deliberately have inefficient procedures for correcting

13  their credit files, because they know that a certain number of consumers will either

14  be intimidated or too frustrated to continuously fight back against the constant

15  onslaught of collection activities for invalid debts. Defendants, and each of them,

16  know that a certain number of consumers would rather pay than fight, even if the

17  debt is not actually owed. These defendants know that their systems intimidate

18  consumers so they'll pay debts even if not valid or not completely valid. These

19  facts were not disclosed to the Plaintiff and are not disclosed to the borrowing

20  public at large.

21                          **FOURTH CAUSE OF ACTION**

22              **[VIOLATION OF CALIFORNIA FAIR DEBT COLLECTION**

23          **PRACTICES ACT AGAINST AMERICAN EXPRESS, PROVIDIAN AND**

24                          **DOES 11-20, INCLUSIVE]**

25      81. Plaintiff incorporates all preceding paragraphs as though alleged in full

26  in this cause of action.

27

28

1    82. Under Cal. Civ. Code Section 1788.2, "debt collector" includes "any

2  person who, in the ordinary course of business, regularly, on behalf of himself or

3  herself or others, engages in debt collection." Under this definition, AMERICAN

4  EXPRESS, PROVIDIAN and DOES 11-20, Inclusive, all qualify as "debt

5  collectors".

6    83. Under Cal. Civ. Code Section 1788.17, the requirements and

7  prohibitions of the federal Fair Debt Collection Practices Act are incorporated into

8  the California Fair Debt Collection Practices Act. AMERICAN EXPRESS,

9  PROVIDIAN and DOES 11-20, Inclusive, all engaged in conduct proscribed by

10  15 U.S.C. Section 1692e (8), namely, "Communicating or threatening to

11  communicate to any person credit information which is known or which should be

12  known to be false, including the failure to communicate that a disputed debt is

13  disputed." None of the defendants communicated anything to any person to

14  suggest that plaintiff was disputing the debt. Plaintiffs reserve the right to allege

15  other violations of the FDCPA/Rosenthal as the facts of the case unfold.

16    84. Plaintiff alleges that AMERICAN EXPRESS, PROVIDIAN and DOES

17  11-20, Inclusive, violated other provisions of the federal Fair Debt Collection

18  Practices Act, as incorporated in the Rosenthal Act, as follows:

19    a. 15 U.S.C. Section 1692d: AMERICAN EXPRESS, PROVIDIAN

20  and DOES 11-20, Inclusive, engaged in debt collection efforts after it knew, and

21  had determined, that it had no basis for continuing to charge plaintiff for its

22  services. This had the natural consequence of harassing, abusing and oppressing

23  plaintiff. Further, these defendants used threats of physical violence and other

24  threats in an effort to collect a debt.

25    b. 15 U.S.C. Section 1692e: AMERICAN EXPRESS, PROVIDIAN

26  and DOES 11-20, Inclusive, have threatened action, or taken action, including

27

28

1 | threats of credit reporting, threats of lawsuits and derogatory credit reporting
2 | accomplished, that cannot legally be taken.

3 |            c. 15 U.S.C. Section 1692f: AMERICAN EXPRESS, PROVIDIAN
4 | and DOES 11-20, inclusive, have each used unfair or unconscionable means to
5 | collect or attempt to collect the alleged debt. Specifically, each has attempted to
6 | collect amounts not expressly authorized by law or by agreement, and have
7 | continued to attempt collection in spite of cancelation of the underlying
8 | agreement.

9 |      85. As a result of these violations of the California Fair Debt Collection
10 | Practices Act by AMERICAN EXPRESS, PROVIDIAN and DOES 11-20,
11 | Inclusive, Plaintiff has suffered general and special damages according to proof,
12 | and is entitled to a statutory penalty for each separate violation of California's Act,
13 | as well as punitive damages against these defendants for conduct amounting to
14 | oppression and malice under California law. In addition, plaintiff is entitled to
15 | attorney's fees, costs and expenses.

16 |

17 |                      **FIFTH CAUSE OF ACTION**
18 |              **[VIOLATION OF THE CALIFORNIA CONSUMER**
19 |                   **CREDIT REPORTING AGENCIES ACT**
20 |      **AGAINST AMERICAN EXPRESS, PROVIDIAN AND DOES 11-20,**
21 |                              **INCLUSIVE]**

22 |      86. Plaintiff incorporates all preceding paragraphs as though alleged in full
23 | in this cause of action.

24 |      87. Within two years prior to the filing of the complaint in this action,
25 | defendants AMERICAN EXPRESS, PROVIDIAN and DOES 11-20, Inclusive,
26 | both willfully and negligently violated the California Consumer Credit Reporting
27 | Agencies Act in at least the following ways:

28 |

1      a. By willfully and negligently failing, in the furnishing of derogatory credit

2   information for the consumer report concerning plaintiff, to follow reasonable

3   procedures to assure maximum possible accuracy of the information in the report;

4      b. By willfully and negligently furnishing to credit reporting agencies

5   information about the Plaintiff which Defendants AMERICAN EXPRESS,

6   PROVIDIAN and DOES 11-20, Inclusive knew, or should have known, was

7   incomplete, inaccurate and/or unverifiable;

8      c. By willfully and negligently failing to correct and/or delete the

9   incomplete and inaccurate information in Plaintiff's file after conducting an

10   investigation;

11      d. By willfully and negligently failing to conduct an adequate investigation

12   of Plaintiff's complaints, and by willfully and negligently failing to implement

13   corrective actions once the outcome of such investigations were known, or should

14   have been known, to the Defendants AMERICAN EXPRESS, PROVIDIAN and

15   DOES 11-20, Inclusive;

16      e. By willfully and negligently failing to provide subsequent users of the

17   report with the Plaintiff's statement of dispute or a summary thereof; and,

18      f. By willfully and negligently failing to have proper procedures and

19   apparatus in place which would promptly and accurately delete or correct any

20   incorrect, incomplete or inaccurate credit reporting.

21      88. Each of the Defendants AMERICAN EXPRESS, PROVIDIAN and

22   DOES 11-20, Inclusive willfully and negligently failed in their obligations to

23   reinvestigate and correct the derogatory marks in Plaintiff's credit reports.

24   Plaintiff alleges that each of the Defendants AMERICAN EXPRESS,

25   PROVIDIAN and DOES 11-20, Inclusive' policies and practices hinder and

26   obstruct adequate and meaningful reinvestigations, and that each defendant knows

27   of this effect of its policies and practices.

28

89. As a proximate result of the willful and negligent actions of the Defendants AMERICAN EXPRESS, PROVIDIAN and DOES 11-20, Inclusive, and each of them, Plaintiff has suffered both general and special damages in an amount which will be proven at time of trial. As provided under the cited laws, Plaintiff is entitled to actual damages, loss of wages, damage to credit reputation, pain and suffering, costs and attorney fees. Plaintiff is also entitled to punitive damages and statutory penalties for willful violations of the California Consumer Credit Reporting Agencies Act.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For actual, general and special damages according to proof at trial;

2. For statutory penalties for each separate statutory violation where allowed by statute;

3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

4. For attorney's fees where authorized by statute or law;

5. For costs and expenses of suit;

6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Dated: JULY 27 2009          **BRENNAN, WIENER, & ASSOCIATES**

By: _____
Robert F. Brennan
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV09- 5545 RSWL (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Robert F. Brennan, Esq. [S.B. #132449]
Robert A. Wiener, Esq. [S.B. #S2O-RZ]
BRENNAN, WIENER & ASSOCIATES
3150 Montrose Ave.
La Crescenta, Ca. 91214

[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY S. BROWN, an Individual;<br><br>PLAINTIFF(S)<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC, is a business entity, form unknown; EQUIFAX , INC., a business entity, form unknown; TRANSUNION CORP., is a business entity, form unknown.; AMERICAN EXPRESS COMPANY, is a business entity, form unknown; PROVIDIAN BANKCORP SERVICES, a business entity, form unknown and DOES 1-10, Inclusive, | CASE NUMBER<br><br>CV09-05545 RSWL (RZx)<br><br><br>SUMMONS |

TO:     DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Robert F. Brennan, Esq._____, whose address is _BRENNAN, WIENER & ASSOC., 3150 Montrose Ave. La Crescenta, CA 91214_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

JUL 29 2009

Dated: _____

Clerk, U.S. District Court

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>GREGORY S. BROWN, an Individual; | **DEFENDANTS**<br>EXPERIAN INFORMATION SOLUTIONS, INC; EQUIFAX INC;<br>TRANSUNION CORP.; AMERICAN EXPRESS COMPANY;<br>PROVIDIAN BANKCORP SERVICES , et al . |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>Los Angeles County | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):<br>Los Angeles, California |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing<br>yourself, provide same.)<br>Robert F. Brennan, Esq. SBN 132449<br>BRENNAN, WIENER & ASSOCIATES<br>3150 Montrose Ave.<br>La Crescenta, CA 91214  Telephone 818-249-5291 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No  ☑ **MONEY DEMANDED IN COMPLAINT:** $ 300,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Credit Reporting Act 15 U.S.C. Sec. 1681

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | PERSONAL INJURY | PERSONAL | | |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380. Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**  Case Number: _____

CV09-05545

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑No    ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
   Los Angeles, California

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.
   TRANSUNION- Delaware
   EXPERIAN- Ohio
   AMERICAN EXPRESS - New York
   PROVIDIAN - California

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
   Los Angeles County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____    Date _____ July 28, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |